**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARY ELLEN CORTESE,

    Plaintiff,

v.                                        Case No: 6:15-cv-2009-Orl-40DAB

TERRACE OF ST. CLOUD, LLC,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss for Failure to State a Cause of Action and Incorporated Memorandum of Law (Doc. 18), filed January 29, 2016. On February 12, 2016, Plaintiff responded in opposition. (Doc. 19). Upon consideration, Defendant's motion to dismiss is denied.

**I.  BACKGROUND[1]**

Plaintiff, Mary Ellen Cortese ("Cortese"), instituted this lawsuit against Defendant, Terrace of St. Cloud, LLC ("Terrace"), to vindicate her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. In June 2010, Cortese began working as a Licensed Practical Nurse at a nursing home operated by Terrace's predecessor, Southern Oaks.[2] (Doc. 9, ¶ 10). In the summer of 2012, Cortese used intermittent FMLA leave to care for her husband who was battling cancer. (*Id.* ¶ 11). During her employment at Southern Oaks, Cortese also used intermittent FMLA leave to receive treatment for a

---

[1] This account of the facts is taken from Plaintiff's Second Amended Complaint (Doc. 9), the allegations of which the Court must accept as true in considering Defendant's motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

[2] Southern Oaks is not a party to this lawsuit.

1

degenerative foot disease. (*Id.* ¶ 12). Cortese's immediate supervisor, Tina Bourland, issued Cortese a negative performance evaluation due to the leave Cortese took under the FMLA. (*Id.* ¶ 13). Ms. Bourland additionally informed Cortese that she would be terminated if she continued to take FMLA leave. (*Id.* ¶ 15). At some point in November 2013, Terrace purchased Southern Oaks. (*Id.* ¶ 17). In furtherance of its acquisition, Terrace interviewed Cortese to determine whether it would retain her after the transition from Southern Oaks. (*Id.* ¶ 18). At this interview, Cortese informed Terrace about her prior FMLA leave. (*Id.* ¶ 19). On December 1, 2013, Terrace officially took over Southern Oaks. (*Id.* ¶ 21). Terrace terminated Cortese the same day. (*Id.*).

Cortese alleges two claims against Terrace. Count I asserts that Terrace retaliated against Cortese when it terminated her for exercising her rights under the FMLA. Count II asserts that Terrace interfered with Cortese's rights under the FMLA when Ms. Bourland issued Cortese a negative performance evaluation and threatened her with termination if she continued to take FMLA leave. Terrace now moves to dismiss both counts for failing to state claims upon which relief can be granted.

## II. STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim are not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual

material. *Id.* District courts must accept all well-pleaded allegations within the complaint as true and read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

### III. DISCUSSION

Terrace raises three grounds which it contends warrant the dismissal of Cortese's claims. The Court addresses each in turn.

#### A. Duplication of Claims

First, Terrace contends that Cortese's interference claim in Count II is duplicative of her retaliation claim in Count I. (Doc. 18, pp. 3–5). Terrace states that the interference claim relies on the same factual allegations and legal theories as her retaliation claim and that she misguidedly uses the term "interference" to label what is actually a second retaliation claim. Terrace therefore concludes that the interference claim should be dismissed. However, a plaintiff's duplication of a claim made elsewhere in her complaint is not a legal reason to dismiss under Rule 12(b)(6). *See Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) ("[M]otions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid."). Since Terrace does not contest the validity of Cortese's FMLA interference claim, it will not be dismissed.

#### B. Sufficiency of Cortese's FMLA Retaliation Claim

Second, Terrace argues that Cortese fails to allege sufficient facts to state a claim for retaliation in Count I. (Doc. 18, pp. 5–7). Specifically, Terrace asserts that Cortese fails to show a causal connection between her protected FMLA activity and her termination by Terrace sufficient to establish a prima facie case for retaliation.

However, Terrace confuses the standard for pleading an FMLA retaliation claim with the standard for proving one.[3] It is well-settled that a plaintiff need not allege a prima facie case in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002); *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (per curiam). Rather, all that is required is for the plaintiff to provide sufficient factual material, taken as true, to support the reasonable inference that the defendant discriminated against her for exercising rights protected by the FMLA. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam).

Here, Cortese alleges that she exercised her right to take FMLA leave on two occasions while working for Southern Oaks—once to receive treatment for a degenerative foot disease and once to care for her husband who was battling cancer. (Doc. 9, ¶¶ 11–12). While she was engaged in taking FMLA leave, Southern Oaks admonished Cortese for taking too much time off and threatened to terminate her if she continued to take leave. (*Id.* ¶¶ 13, 15). Southern Oaks memorialized its admonishment of Cortese in a performance evaluation in which her evaluator commented, "Has had some family illness issues which affected attendance." (*Id.* Ex. 1). When Terrace interviewed Cortese to determine whether to retain her, Cortese discussed her previous FMLA-related absences with her interviewer. (*Id.* ¶¶ 19, 46). The day Terrace officially took over Southern Oaks, it terminated Cortese. (*Id.* ¶ 21).

Based on the temporal proximity between Terrace learning of Cortese's FMLA leave and her subsequent termination, coupled with Terrace's knowledge of the prior negative

---

[3] While it is true that causation is a necessary element of the *McDonnell Douglas* prima facie case for retaliation, the prima facie case is an evidentiary vehicle a plaintiff may use to prove discrimination on summary judgment or at trial. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002).

treatment of Cortese's FMLA leave by Southern Oaks, the Court can reasonably infer that Terrace discriminated against Cortese for taking FMLA leave. Count I therefore states a claim for FMLA retaliation.

### C. Sufficiency of Cortese's Successor-in-Interest Allegations

Finally, Terrace asserts that Cortese fails to sufficiently allege her theory that Terrace can be held liable for Southern Oaks' violation of the FMLA as its successor-in-interest. (Doc. 18, pp. 7–9). Terrace contends that Cortese does not allege any facts speaking to the factors embodied in 29 C.F.R. § 825.107(a) for determining whether an entity is a successor-in-interest under the FMLA. However, Terrace again demands too much of Cortese at the pleadings stage. It is sufficient that Cortese has notified Terrace of her theory of liability and the allegedly discriminatory conduct of Sothern Oaks for which she intends to hold Terrace responsible.

### IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Failure to State a Cause of Action (Doc. 18) is **DENIED**. Defendant shall answer Plaintiff's Second Amended Complaint within **fourteen (14) days** of this Order.

**DONE AND ORDERED** in Orlando, Florida on April 22, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

5